UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MARY P. BRANDT,

    Debtor.

Case No. GK 08-04216
Chapter 7

_____/

THOMAS C. RICHARDSON,
CHAPTER 7 TRUSTEE,

    Plaintiff,

-vs-

WELLS FARGO HOME MORTGAGE, INC.,

    Defendant.

Adversary Proceeding
No. 08-80342

_____/

## OPINION REGARDING VALIDITY OF MORTGAGE

Appearances:

Paul F. Davidoff, Esq., Kalamazoo, Michigan, for Trustee-Plaintiff.

Thomas G. King, Esq., Kalamazoo, Michigan, for Defendant Wells Fargo Home Mortgage, Inc.

## I. INTRODUCTION

In this adversary proceeding, Plaintiff, Thomas C. Richardson (the "Trustee"), seeks a determination that a certain mortgage claimed by Defendant, Wells Fargo Home Mortgage, Inc. ("Wells Fargo") on property of the Debtor is defective and subject to the Trustee's "strong arm" avoidance powers set out in 11 U.S.C. § 544.[1]

---

[1] All future references to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 inclusive, shall be cited as "§ _____."

The court conducted a bench trial. After proofs were concluded, the court requested supplemental memoranda of law.

For the reasons stated below, the court holds for the Trustee. The court determines that the mortgage claimed by Wells Fargo is fatally defective and does not comply with governing Michigan law.

## II. JURISDICTION

This court has jurisdiction over the bankruptcy case in which this adversary proceeding arises. 28 U.S.C. § 1334. This bankruptcy case and all related proceedings have been referred to this bankruptcy court for decision. 28 U.S.C. § 157(a) and L.R. 83.2(a) (W.D. Mich.). This is a core proceeding and the court may enter a final order. 28 U.S.C. § 157(b)(K) (determinations of the validity, extent, or priority of liens). This opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

## III. ISSUES

Under the facts of this adversary proceeding, involving platted real property, is a legal description in a mortgage, consisting solely of the proper common street address and a correct permanent parcel identification number, sufficient to constitute a valid and enforceable mortgage under governing Michigan law? To the contrary, may a chapter 7 bankruptcy trustee avoid the mortgage, or have the mortgage determined to be legally invalid, under § 544?

## IV. FACTS

Mary P. Brandt (the "Debtor") purchased a house and lot in Battle Creek, Michigan (the "Property") on September 14, 2000. She purchased the Property as a joint tenant with

2

two non-debtor owners, Matthew Brandt and Amy Brandt. The legal description of the Property is as follows:

> THE TOWNSHIP OF EMMETT, COUNTY OF CALHOUN AND STATE OF MICHIGAN TO WIT: LOT 2, OF MICHAELLEN WOODS, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 22 OF PLATS, ON PAGE 23, IN THE OFFICE OF THE REGISTER OF DEEDS FOR CALHOUN COUNTY, MICHIGAN.

(Jt. Exh. 2).

On April 23, 2003, the Debtor, with her joint tenants, granted a mortgage (the "Mortgage") in the Property to Wells Fargo. That Mortgage was recorded on May 14, 2003, with the State of Michigan, Calhoun County Register of Deeds. On page 3 of the Mortgage, the Property is described as follows: "SEE ATTACHED LEGAL DESCRIPTION." However, Wells Fargo failed to attach *any* legal description to the Mortgage although the Mortgage included the street address of the Property and the tax identification number of the Property. (Jt. Exh. 1).

No legal description was ever added to the recorded Mortgage. On May 12, 2008, the Debtor filed her chapter 7 case and the Trustee was appointed to administer the bankruptcy estate.

On September 8, 2008, the Trustee filed his amended complaint ("Amended Complaint") contending that the Mortgage is "fatally defective" and is avoidable by the Trustee pursuant to § 544. The Trustee further requested a ruling that the Mortgage does not encumber the Debtor's or the bankruptcy estate's interest in the Property and that the estate holds the same "free and clear of any interest on the part of Wells Fargo." (*See* Amended Complaint; Dkt. No. 4).

3

Wells Fargo answered the Amended Complaint and contended that the alleged defect of the lack of legal description "would not be fatal to the validity of the mortgage as the mortgage provides sufficient information to put innocent third parties on notice of Wells Fargo's interest."

## V.  DISCUSSION

Wells Fargo asserts that the Mortgage, while completely lacking in any legal description, states the street address of the Property and the Property's correct taxpayer identification number.  Wells Fargo then relies upon a recent opinion by the Sixth Circuit Court of Appeals to buttress its argument. *Argent Mortgage Company, LLC v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009).

The *Argent* case involves analogous facts and was decided under Ohio law.  There, as here, the mortgagee referenced a legal description in the mortgage, but did not attach the description to the mortgage.  The *Bunn* trustee attacked the mortgage as invalid in the Ohio bankruptcy proceeding.  The Sixth Circuit ruled that the inclusion of the correct street address and the taxpayer identification number was sufficient to put any hypothetical purchaser on notice of the existence of the mortgage and therefore rejected attempted avoidance by the trustee.  However, a close reading of the *Argent* case and a comparison of the differing laws of Ohio and Michigan mandate the opposite result from that sought by Wells Fargo.

The Sixth Circuit in *Argent* was careful to point out that there was no formal requirement in Ohio for an exact legal description and that the mortgage in question otherwise fully complied with Ohio law.  It contrasted other Ohio cases which held that a

4

recorded, but improperly attested, mortgage does *not* give "constructive notice when the

mortgage had been executed in violation of a statute." *Bunn*, 578 F.3d at 490.

One may persuasively argue that, with regard to many types of real property,

Michigan law, like Ohio law, does not require a *precise* legal description. However, here

it is undisputed that the Property is part of a recorded plat. With regard to platted property,

Michigan law is absolutely clear – all recorded sales, conveyances or mortgages *must*

contain the caption of the plat and the lot number. A Michigan statute requires:

> When a subdivision plat has been recorded, the lots in that plat
> shall be described by the caption of the plat and the lot number
> for all purposes, including those of assessment, taxation, *sale*
> *and conveyance*.

Mich. Comp. Laws. Ann. § 560.255 (emphasis added). Michigan law also provides in

relevant part as follows:

> After an assessor's plat has been made and recorded with the
> register of deeds, all conveyances of lands included in the
> assessor's plat shall be by reference to the plat. Any
> instrument dated and acknowledged after January 1, 1968,
> purporting to convey *or mortgage* any such lands *except by*
> *reference to such assessor's plat* may not be recorded by the
> register of deeds.

Mich. Comp. Laws. Ann. § 560.212 (emphasis added). It is undisputed here that the

Mortgage relied upon by Wells Fargo fails to contain any reference to the "assessor's plat"

or to the "lot number" in that plat.

Because the Mortgage fails to comply with governing Michigan statutes, the

recording of the invalid Mortgage is ineffective to provide constructive notice to a bona fide

purchaser, such as the Trustee, who holds that status under § 544. As noted by the Sixth

Circuit in *Argent*, in examining Ohio law, a defective mortgage, even if recorded, may be

5

"set aside . . . as inadequate to give constructive notice." *Bunn*, 578 F.3d at 490. Likewise,

the Sixth Circuit, in reviewing Kentucky law, has held:

> [A] defective acknowledgment of a mortgage that is recorded *cannot provide constructive notice of a mortgage. Therefore, it also cannot provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser lacking actual knowledge, which is conferred upon the trustee by federal bankruptcy law.*

*Rogan v. America's Wholesale Lender (In re Vance)*, 99 Fed. Appx. 25, 27-28 (6th Cir.

2004) (emphasis added).

It has long been held by the Michigan Supreme Court that conveyances, even if

recorded, executed in violation of the Michigan statutes are "entirely inoperative either as

notice to purchasers or as evidence of the deed." *Hall v. Redson*, 10 Mich. 21, 1862 WL

2472 at *1 (1862); *accord Dohm v. Haskin*, 88 Mich. 144, 147, 50 N.W. 108, 109 (1891).

As stated by the Michigan Supreme Court in *Grand Rapids Nat'l Bank v. Ford*, 143 Mich.

402, 406, 107 N.W. 76, 78 (1906): "If he [the grantee] fails to comply with the plain

requirements of the statute, the subsequent purchaser in good faith is protected, and is not

to be charged with constructive notice."

The United States Supreme Court, relying in part upon the Michigan cases, agrees.

In *Lynch v. Murphy*, 161 U.S. 247, 16 S.Ct. 523 (1896) the Court voided a recorded, but

defective, mortgage in the District of Columbia stating as follows:

> The record does not operate as a constructive notice, unless the instrument is duly executed, and properly acknowledged or proved, so as to entitle it to be recorded. . . . If a writing should be placed upon the records with any of these preliminaries entirely omitted or defectively performed, such a record would be a mere voluntary act, and would have no effect upon the rights of subsequent purchasers or incumbrancers . . . .

6

*Lynch*, 161 U.S. at 253, 16 S.Ct. at 525.

Wells Fargo attempts to distinguish the results of these decisions by arguing that the language of Mich. Comp. Laws Ann. § 560.212 permits a deed or mortgage lacking the reference to the assessor's plat "may not be recorded" grants discretion to the register of deeds to record a non-complying mortgage.  Relying on the word "may," Wells Fargo argues that the failure of the Michigan legislature to use the word "shall" granted discretion to the register of deeds.  This arguments fails for at least two reasons.

First, Mich. Comp. Laws Ann. § 560.255 does *not* use the word "may" in requiring that lots in a recorded plat "*shall be described*" by reference to the plat and lot number "*for all purposes*, including those of . . . *sale and conveyance*." (Emphasis added).  As stated by the Michigan Court of Appeals:

> More importantly, after a plat has been recorded, lots in the plat must be referenced by use of the plat caption and lot number and not, for example, by a metes-and-bounds description of the property. "When a subdivision plat has been recorded, the lots in that plat *shall* be described by the caption of the plat and the lot number for all purposes, including those of assessment, taxation, sale and conveyance." MCL 560.255 (emphasis added).  "The word 'shall' is unambiguous and is used to denote mandatory, rather than discretionary, action." *STC, Inc. v. Dep't of Treasury*, 257 Mich.App. 528, 537, 669 N.W.2d 594 (2003).  MCL 560.255 requires that a lot in a platted parcel of land be identified in all transactions by referring to the plat, and not by a metes-and-bounds description.

*Tomecek v. Bavas*, 276 Mich. App. 252, 262, 740 N.W.2d 323, 329 (2007), *aff'd in relevant part*, 482 Mich. 484, 759 N.W.2d 178 (2008).

7

Just as Mich. Comp. Laws. Ann. § 560.255 forbids identification of a lot in a platted parcel by metes-and-bounds, it likewise forbids identification of the lot *by the address or tax identification number.*

Second, while there may be some ambiguity created when a legislature uses the term "may" to authorize some action (as opposed to the term "shall"), there is no grammatical ambiguity created when a legislature provides that something "may not" be done.  In a statute, the phrase "may not" has exactly the same meaning as "shall not." Michigan case law, and indeed case law across the country, is virtually unanimous in so holding.

In *Ryan v. Montgomery*, 396 Mich. 213, 240 N.W.2d 236 (1976), the Michigan Supreme Court examined a statute which provided that under certain circumstances "the ballots *may not* be recounted" in a contested election.  The plaintiff contended that the use of the word "may" meant that it was discretionary with the election authorities to include or exclude such ballots from the recount.  The Michigan Supreme Court rejected this reading, stating: "We agree with the Court of Appeals that the phrase 'may not be recounted' means [s]hall not be recounted." *Ryan*, 396 Mich. at 216, 240 N.W.2d at 238.

More recently, the Michigan Supreme Court interpreted a federal statute which provided that the period of military service "*may not* be included in computing any period limited by law . . ." and held that "'may not,' as it is used in 50 USC Appendix 526(a), has the same meaning and import as 'cannot' or its predecessor, 'shall not.'" *Walters v. Nadell*, 481 Mich. 377, 383, 751 N.W.2d 431, 435 (2008).

8

The Michigan Supreme Court's rulings interpreting the language "may not" as meaning "shall not" is supported by other courts which have looked at this question. *See, e.g., Stringer v. Realty Unlimited, Inc.*, 97 S.W.3d 446 (Ky. 2002). In *Stringer*, the Kentucky Supreme Court stated: "Courts that have construed legislative use of the phrase 'may not' have consistently held that the phrase is mandatory and not permissive or discretionary." *Stringer*, 97 S.W.3d at 448 (citing numerous decisions, including Michigan case law). The *Stringer* court also relied upon *State v. Gettman*, 782 P.2d 216 (Wash. App. 1989), stating:

> And in holding that "'may not' is clearly not permissive in nature," a panel of the Court of Appeals of Washington cogently noted that "[h]ad the Legislature intended such, it could have simply omitted the word 'not.'"

*Stringer*, 97 S.W.3d at 448 (citing *Gettman*, 782 P.2d at 218). In exactly the same way, the Michigan Legislature, if it had wished to grant a register of deeds the discretion to record a non-conforming instrument, could have eliminated the word "not" from Mich. Comp. Laws Ann. § 560.212. The only reading of the phrase "may not" in the statutory provision which makes sense, either grammatically or legally, is that the prohibition is mandatory, not discretionary.

## VI. CONCLUSION

The Mortgage in question is fatally defective and violates the requirements of two applicable Michigan statutes, Mich. Comp. Laws Ann. § 560.212 and § 560.255. The recording of the Mortgage is to be "treated as a mere nullity." *Lynch*, 161 U.S. at 253-54, 16 S.Ct. at 526. As a mortgage in violation of the Michigan statutes, it provides no notice, constructive or otherwise, to defeat the Trustee's rights under § 544. Further, in

9

accordance with *Rogan v. America's Wholesale Lenders (In re Vance)*, 99 Fed. Appx. 25, 27-28 (6th Cir. 2004), the Mortgage "cannot provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser lacking actual knowledge." The Mortgage is invalid and unenforceable as to the Trustee and the bankruptcy estate's interest in the Property.

An order shall be entered accordingly.

Dated this 30th day of November, 2009
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

10